Brotherhood of Locomotive Engineers et al.,
Appellants, *v.* Douglas.

Argued April 30, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*John S. Van Kirk,* for appellants.

*Clyde P. Bailey,* of *Bailey & Critchfield,* with him
*Meredith R. Marshall,* for appellee.

PER CURIAM, July 16, 1943:

Defendant was for three years—from February 14,
1933 to February 14, 1936—Secretary-Treasurer of the
General Committee of Adjustment of the Baltimore
Division of the Brotherhood of Locomotive Engineers.
After the expiration of his term, the auditors of his ac-
counts reported a shortage of $2,268.25. Certain credits
totalling $234.00 reduced this amount to $2,034.25.
This action was brought to recover that amount with

interest. The real party in interest is the bonding company which paid the alleged loss to the Brotherhood.

Plaintiffs introduced evidence to show that as soon as the alleged shortages were discovered defendant was confronted with and in numerous conferences admitted them; that on March 6, 1936, he wrote a letter to Holder, his successor in office, expressly acknowledging he owed a balance to the Brotherhood, but that "as explained to you, I am not in a position at the present time to make final transfer of such funds as go to make up the balance, but will do so at an early date as possible;" and that on March 11, 1936, he "O.K.ed," by his signature in the margin, a letter addressed to the General Chairman of the Brotherhood which referred to a conference between a representative of the bonding company, defendant, and the writer of the letter, in which defendant admitted the shortage and claimed the credits which were ultimately allowed him. It was on the basis of this conference and defendant's written approval on the margin of the letter that the bonding company, without making further investigation, paid the claim.

As opposed to this overwhelming evidence of defendant's liability, he simply denied that he owed the Brotherhood any sums of money and, although admitting his signature in the margin of the letter of March 11th and the authenticity of the letter of March 6th, he offered flimsy and incredible explanations. He produced no books; he testified that he had hidden them in the cellar of his home shortly after the charges against him were preferred, and that: "To the best of my knowledge they were destroyed in the flood. I don't know what else became of them."

We agree that the court below properly refused to give binding instructions for the plaintiffs. And although we are reluctant to reverse an order refusing a motion for new trial based on the weight of the evidence, we are of opinion that in this case the verdict

represents a serious miscarriage of justice (*Furer v. May, Jr.,* 115 Pa. Superior Ct. 28, 174 A. 630) and that the lower court abused its discretion.

The judgment is vacated and a new trial granted.